United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC JEROME CHOYCE,<br><br>        Plaintiff,<br><br>  vs.<br><br>CMO KAREN SAYLOR, M.D.; DR. WILLIAMS; DR. F. ALVAREZ; DR. BANKS; RN WANDA; RN BRIAN; LVN PRICE; RN JACKSON; .RN B. THOMPSON; RN ALEX; MTA D. STUBS; LVN TH0MPSON; Correctional Officer BERK; RN JACOBS; Correctional Officer GUTHRIE; Correctional Officer KNOX; and DOES 1-16,<br><br>        Defendants.<br>_____/ | No. C 07-2394 PJH (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a prisoner at San Quentin State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

**DISCUSSION**

**A.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.[1]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

   **1.    Injunctive relief claims**

Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter. *McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991); *Gillespie v.*

---

[1] *Bell Atlantic Corp.* disapproved the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41 (1957). *Conley* had stated "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. *Bell Atlantic Corp.* decided that "this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic Corp*, 127 S. Ct. at 1969.

*Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc). "Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action." *Id.*

A class action pending in this court, *Plata v. Schwarzenegger*, No. No. C 01-1351 TEH, involves the same subject matter, adequacy of medical care, as plaintiff's claim here. The exhibits attached to the complaint show that plaintiff has fairly recently raised his claims using the *Plata* mechanism, so they are known to class counsel.

The injunctive relief request will be dismissed because such relief can be granted only in the class action case. Plaintiff's request for a temporary restraining order or a preliminary injunction will be denied for the same reason.

**2.     Damage claims**

As a result of surgery after he was shot, plaintiff had a colostomy bag when he entered San Quentin. He asserts that supplies such as replacment bags, rubber gloves, tape, and saline solution were often not issued to him when needed, to the point where he had to wear a paper bag at times. He asserts that defendant nurses Thompson, Brian and Wanda knew of the lack of supplies and even saw him wearing the paper bags. This is sufficient to state a claim against them for damages.

Plaintiff asserts that he suffered chronic pain from his wound, that it is infected and the stoma is swollen, and that correctional officers Berk, Guthre and Knox refuse to take him to the medical department. This is sufficient to state a claim for damages against them.

He contends that the stoma has recently changed color from pink to blackish and purple, and that there is bleeding and bulging around the opening. He contends that nevertheless defendant nurse Jacobs walked away when he asked for medical care. This is sufficient to state a claim for damages against Jacobs.

Plaintiff asserts that Dr. Alvarez prescribed an anti-depressant which caused him pain in his intestines, and that he does not have a mental illness. This is sufficient to state

3

a claim for damages against Alvarez.

The remaining defendants are not named.  Plaintiff thus has failed to allege facts regarding them which would state a plausible claim for relief.  The claims against them will be dismissed with leave to amend.  Plaintiff should note that in order to state a plausible claim against any particular defendant he must allege the facts of the defendant's involvement in the allegedly unconstitutional actions.

## CONCLUSION

1. For the foregoing reasons, the complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order.  The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present, including those which the court has found to be cognizable above.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of these claims.

2. To the extent plaintiff's requests injunctive relief, those claims are **DENIED** for the reasons set out above.  He must seek relief through the *Plata* class action.

3. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  October 15, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\CHOYCE394

4