UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISAAC JEROME CHOYCE,

        Plaintiff,

vs.

CMO KAREN SAYLOR, M.D.;
Correctional Officer WILLIAMS; DR. F.
ALVAREZ; DR. BANKS; RN WANDA;
RN BRIAN; LVN PRICE; RN JACKSON;
RN B. THOMPSON; RN ALEX; MTA D.
STUBS; LVN TH0MPSON; Correctional
Officer BERK; RN JACOBS;
Correctional Officer GUTHRIE;
Correctional Officer KNOX; A.
RAJAMACHVILI; and DOES 1-16,

        Defendants.

No. C 07-2394 PJH (PR)

**ORDER GRANTING MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT**

This is a pro se section 1983 civil rights action filed by a prisoner at San Quentin. Defendant Jackson has file a motion to dismiss and defendants Saylor, A. H. Williams, Dr. F. Alvarez, Dr. Banks, B. Thompson, D. Stubbs, Berk, Jacobs, Guthrie, T. D. Knox, and A. Rajamachvili have moved for summary judgment.[1] Plaintiff has not opposed either motion and the time to do so has expired.

**DISCUSSION**

**A.   Motion for summary judgment**

   **1.   Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled

---

[1] Plaintiff has voluntarily dismissed his claim against "RN Brian."

to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.  If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins.  *Id.*

**2.  Analysis**

The motion for summary judgment is unopposed.  A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition.  *Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact).  The Court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact.  *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), *rev'd on other grounds sub nom. Degen v. United States*, 517 U.S. 820 (1996); *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993) (same).

Plaintiff was shot before he came to San Quentin, where defendants are employed.  When he arrived he was wearing a colostomy bag.  His claim is that surgery to remove the bag was unnecessarily delayed, that he did not receive adequate medical care for problems involving the bag, and that he was not given adequate supplies to care for his

2

wound. The papers provided by movants are sufficient to support their claim that they were not deliberately indifferent to a serious medical need and the papers do not on their face reveal a genuine issue of material fact. The motion for summary judgment will be granted.

**B.     Motion to Dismiss**

Defendant Jackson has moved to dismiss the claims against him for failure to state a claim. As was the case with the motion for summary judgment, plaintiff has not opposed the motion.

### 1.     Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at

1 688 (discussing Fed. R. Evid. 201(b)).  Allegations of fact in the complaint must be taken as
2 true and construed in the light most favorable to the non-moving party.  *Spreewell v.*
3 *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court need not, however,
4 "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or
5 unreasonable inferences."  *Id.*

6 Pro se pleadings must be construed liberally on a defendant's motion to dismiss for
7 failure to state a claim.  *Ortez v. Washington County Oregon*, 88 F.3d 804, 807 (9th Cir.
8 1996).

### 2. Analysis

10 The totality of plaintiff's allegations against plaintiff is that "[d]ue to RN Jackson['s]
11 deliberate indifference and action of cruel and usual punishment by then denying petitioner
12 [sic] attention as he kick[ed him] out of drop-in clinic.  Failure to care for Petitioner [sic]
13 swollen and with greenish pus liquid 'pus' due to an infection coming from petitioner [sic]
14 stoma causing such chronic pain. Then denied any medical attention refusing to witness
15 such pus [capitalization corrected]."

16 This is insufficient to state a "plausible" claim for relief, in that no indication of the
17 aproximate date or circumstances is provided, nor is there a sufficiently clear allegation that
18 plaintiff's medical need was directly brought to Jackson's attention.  The motion to dismiss
19 will be granted.  Because it is possible that plaintiff could allege facts which would state a
20 claim, however, the dismissal must be with leave to amend.  *See Weilburg v. Shapiro*, 488
21 F.3d 1202, 1205 (9th Cir. 2007) (pro se complaint must be liberally construed and "'may be
22 dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff
23 can prove no set of facts in support of his claim which would entitle him to relief.") (internal
24 quotations marks and citations omitted).

### CONCLUSION

26 1. The motion for summary judgment filed by defendants Saylor, A. H. Williams, Dr.
27 F. Alvarez, Dr. Banks, B. Thompson, D. Stubbs, Berk, Jacobs, Guthrie, T. D. Knox, and A.
28 Rajamachvili (document number 22 on the docket) is **GRANTED**.

4

    2. Defendant Jackson's motion to dismiss (document 15) is **GRANTED**.  The claims against Jackson are dismissed with leave to amend.  If plaintiff chooses to amend, he shall do so within thirty days of the date this order is entered.  The amended complaint, if one is filed, must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, if plaintiff decides to file one he must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  He should also note that he cannot include the claims as to which defendants are granted summary judgment in this order; those claims are permanently out of the case.  If no amended complaint is filed, the claims against Jackson will be dismissed without further leave to amend.

    3. The summons directed to defendant "RN Wanda" was returned unexecuted.  If plaintiff does not provide within thirty days further information sufficient to allow her to be served, such as her full name and where she can be found, the claim against her will be dismissed.  *See* Fed. R.Civ.P. 4(m).

    **IT IS SO ORDERED.**

Dated: May 20, 2008.

                                  PHYLLIS J. HAMILTON
                                  United States District Judge

G:\PRO-SE\PJH\CR.07\CHOYCE394.MSJ.wpd